FILED
2011 Jul-21 PM 04:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| HOWARD RICHARDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 2:10-CV-01324-RRA |
| | ) | |
| THE WATER WORKS BOARD OF THE CITY OF BIRMINGHAM, | ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF OPINION

The magistrate judge filed a Report and Recommendation (Doc. 19) on April 18, 2011, recommending that Defendant's motion to dismiss (Doc. 17) the Second Amended Complaint be denied with regard to Plaintiff's claim for retaliatory termination, and granted in all other respects. The parties were allowed fourteen (14) days in which to file written objections to the magistrate judge's recommendation. Plaintiff filed objections on May 2, 2011. (Doc. 20.)

Plaintiff sued the defendant for race discrimination and retaliation under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights

Act of 1991, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 ("§ 1981"). (Doc. 16.) Plaintiff also included claims for intentional infliction of emotional distress and negligent hiring, supervision, training, and retention under Alabama law. The Second Amended Complaint is approximately twenty-eight (28) pages long.

The magistrate judge determined that all of Plaintiff's federal claims, except those based on the failure to receive a Spring 2008 promotion and his subsequent termination were barred by applicable statutes of limitation. He also concluded that all of Plaintiff's remaining claims, except for his claims for retaliatory termination, were due to be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

Plaintiff objects to the magistrate judge's recommendation that his race discrimination claims addressing denial of pay, promotions, raises, discipline, and termination, and his retaliation claims regarding disparate pay and discipline be dismissed for failure to state a claim. Plaintiff concedes that his Alabama state law claims are due to be dismissed. (Doc. 20 at 4 ¶12.) Plaintiff also agrees that any time-barred claims are improper, but he objects to the extent to which the magistrate judge dismissed some

claims as time-barred without allowing discovery regarding the dates of certain decisions or notification(s) regarding those decisions.

Like the magistrate judge, the Court will first address the issue of time-barred claims. In the Report and Recommendation, the magistrate judge concluded:

> [A]ny claims for acts of discrimination [under Title VII] that occurred prior to February 7, 2008, one hundred eighty (180) days before August 5, 2008, are barred.  Those acts would include all claims centering around the plaintiff's hiring in 2006; all claims concerning his failure to be evaluated and receive a raise three months after he was hired, and all claims concerning the plaintiff's failure to receive more than a cost of living increase in 2006 and 2007. The only remaining Title VII claims center around the "Spring 2008" promotion the plaintiff did not receive and the plaintiff's termination.

(Doc. 19 at 10-11.)  The magistrate judge makes a similar conclusion regarding Plaintiff's § 1981 race discrimination claims:

> [A]ny claims based on conduct that occurred prior to May 25, 2008 are time-barred.  Again, this includes any hiring claims, the claims for the plaintiff's non-evaluation and his lack of raise after three months, and claims for not receiving more than a cost-of-living raise in the years 2006 and 2007.  As with the Title VII claims in Count One, the remaining Section 1981 claims in Count One are based only on the

> failure to receive the Spring 2008 promotion and the plaintiff's termination.

(*Id*. at 11.)  Plaintiff only disputes the last sentences of these conclusions—that a "Spring 2008" promotion and termination are the "only" events for which he has race discrimination claims.  He argues that he should be allowed to establish, through evidence, that certain pay claims fall within the actionable time period.  The Court agrees.  "A Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred." *Brotherhood of Locomotive Eng'rs & Trainmen Gen. Comm. of Adjustment CSX Transp. N. Lines v. CSX Transp., Inc.*, 522 F.3d 1190, 1194 (11th Cir. 2008) (quotations omitted).  While the exclusion of claims that clearly accrued prior to the limitations period is proper, the Court cannot define the remaining claims by excluding all other claims that may not, at this time, clearly fall within the limitations period.  Plaintiff is entitled to discovery regarding the latter type of claims, and the Court will take up the issue of possible dismissal at the summary judgment stage of proceedings.

       The magistrate judge also concluded that Plaintiff's remaining race

discrimination claims and retaliatory discipline claims (excluding termination), while not time-barred, should be dismissed for failure to state a claim. The magistrate judge dismissed Plaintiff's discrimination termination claim for failure to allege that a less-qualified non-minority received his position after his termination. He determined that Plaintiff:

> does not allege facts that suggest that his not being hired for the Assistant General Manager position had anything to do with his race. As the court stated in its first opinion on this point, mere "talk" [that] he was going to get the position, along with the fact that he did not get the position, is insufficient to *sustain* a cause of action for discrimination.

(Doc. 19 at 15 (emphasis added).) The magistrate judge further opined that Plaintiff did not give enough "specifics as to the nature and dates" of alleged retaliatory actions other than termination. It was noted that Plaintiff alleged he was "unjustly reprimanded" after making complaints of race discrimination, but he "provide[d] no specifics." (Doc. 19 at 16.)

"Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a 'short and plain statement of the claim' showing that the pleader is entitled to relief." *Washington v. Bauer*, 149 Fed. Appx. 867, 869 (11th Cir. 2005). The U.S. Supreme Court has explained that Rule 8 "does not

require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citations omitted).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*.  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. Rule 8 "does not impose a probability requirement at the pleading stage[; rather, it] simply calls for enough fact to *raise a reasonable expectation that discovery will reveal evidence of*" requisite elements.  *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1296 (11th Cir. 2007) (emphasis added).

While the magistrate judge acknowledged that the U.S. Supreme Court "has never indicated that the requirements for establishing a prima facie cause under *McDonnell Douglas* also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss," (Doc. 19 at 13, *quoting Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002)), he nevertheless required Plaintiff to present "specific" facts to support the elements of a *McDonnell Douglas* analysis.  Plaintiff has presented facts, which if true, establish that his immediate supervisor referenced African

Americans as "you people," called himself part of the "white minority," and assisted Caucasian employees to the exclusion of African American employees. Although Plaintiff was informally notified that he would be receiving a promotion in the Spring of 2008, the promotion did not occur after Plaintiff's immediate supervisor was informed. Plaintiff also contends that he was unjustly reprimanded after he complained about his immediate supervisor's racist conduct toward another minority employee, and he was ultimately terminated for false reasons.

The Second Amended Complaint sufficiently puts the defendant on notice of the conduct Plaintiff contends constituted race discrimination and retaliation under Title VII and § 1981. The Court has no opinion whether Plaintiff ultimately will succeed in this case, but it is clear at this juncture that Plaintiff alleges sufficient facts to "raise a reasonable expectation that discovery will reveal evidence of the requisite elements" of his claims. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1296 (11th Cir. 2007).

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, the magistrate judge's report and recommendation are due to be ACCEPTED and ADOPTED

with regard to Plaintiff's state law claims and the Title VII and § 1981 claims that clearly accrued prior to February 7, 2008, and May 25, 2008, respectively.[1]  With regard to Plaintiff's remaining Title VII and § 1981 claims for racial discrimination and retaliation, the magistrate judge's report and recommendation are REJECTED.  A separate order will be entered.

Done this 21st day of July 2011.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
139297

---

[1] As detailed by the magistrate judge, the time-barred Title VII and § 1981 claims include "all claims centering around the plaintiff's hiring in 2006; all claims concerning his failure to be evaluated and receive a raise three months after he was hired[;] and all claims concerning the plaintiff's failure to receive more than a cost of living increase in 2006 and 2007."  (Doc. 19 at 11.)